UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALYCIA CHADWELL<br>617 Fairview Ave.<br>Barberton, Ohio 44203<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>MALCO PRODUCTS OF OHIO, INC.<br>c/o Statutory Agent Stuart Glauberman<br>361 Fairview Ave.<br>Barberton, Ohio 44203<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Alycia Chadwell, by and through undersigned counsel, and for her Complaint against Malco Products of Ohio, Inc. ("Malco"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Summit County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Ohio, with a headquarters located at 361 Fairview Ave., Barberton Ohio 44203.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

13. Defendant is a manufacturing company specializing in automotive fluid products, chemical contract manufacturing, and consumer products with a production facility in Barberton, Ohio.

14. Defendant hired Plaintiff in August 2020 as a pad room operator at its Barberton, Ohio manufacturing facility.

15. Other similarly situated employees were employed as manufacturing employees at Defendant's manufacturing facility located in Barberton, Ohio.

16. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

17. Defendant paid Plaintiff and other similarly situated employees on an hourly basis.

18. Plaintiff and other similarly situated employees frequently worked over 40 hours per week.

19. Plaintiff worked on average over 40 hours each week.

**(Failure to Pay for All Hours Worked)**

20. Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including a face shield, gloves, respirators and/or ear plugs; b) getting tools and equipment including glue sticks and pads; c) getting work instructions and checklists; and/or d) walking to and from their assigned area of the manufacturing floor.

21. The time Plaintiff and other similarly situated manufacturing employees spent a) changing into and out of their personal protective equipment, including a face shield, gloves, respirators and/or ear plugs; b) getting tools and equipment including glue sticks and pads; c) getting work instructions and checklists; and/or d) walking to and from their assigned area of the manufacturing floor was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

22. The pre and post shift unpaid work involving: a) changing into and out of their personal protective equipment, including a face shield, gloves, respirators and/or ear plugs; b) getting tools and equipment including glue sticks and pads; c) getting work instructions and checklists; and/or d) walking to and from their assigned area of the manufacturing floor are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated manufacturing employees cannot dispense if they are to perform their principal activities.

23. The time Plaintiff and other similarly-situated employees spent donning their personal protective equipment was not only an integral and indispensable part of their principal activities, but it was also required by Defendant, the Occupational Safety and Health Administration, and was performed for Defendant's benefit in that it helped keep the production floor safe and helped promote a more safe and efficient manufacturing process.

24. Plaintiff and other similarly situated manufacturing employees were only paid from the start and stop times of their shifts and were not paid for time spent a) changing into and out of their personal protective equipment, including a face shield, gloves, respirators and/or ear plugs; b) getting tools and equipment including glue sticks and pads; c) getting work instructions and checklists; and/or d) walking to and from their assigned area of the manufacturing floor.

25. The amount of time Plaintiff and other similarly situated manufacturing employees

spent on this required and unpaid work amounted to approximately 15 minutes or more per day.

26. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Defendant Willfully Violated the FLSA)**

27. Defendant knew that the Plaintiff and other similarly situated employees performed this pre-shift and post-shift work because Defendant required me to perform it and supervisors observed me performing it.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

30. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current non-exempt manufacturing employees of Malco
> Products of Ohio, Inc. between January 10, 2019 and the present.

31. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least fifty persons.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are

similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

33. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current non-exempt manufacturing employees of Malco Products of Ohio, Inc. between January 10, 2019 and the present.

35. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least one hundred persons.

36. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its manufacturing employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. § 4111.03 and § 4111.10.

37. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by

Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

38. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

39. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-

half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

44. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

48. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and

certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the classes she represents actual damages for unpaid wages;

D.      Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E.      Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

>/s/ Robert B. Kapitan
>One of the Attorneys for Plaintiff